THE STATE, EX REL. THE BOARD OF HEALTH OF THE STATE OF NEW JERSEY, appellant,

*v.*

THE BOROUGH OF VINELAND, respondent.

[Argued April 8th, 1907.     Decided June 17th, 1907.]

The seventh section of the act of 1899 (*P. L. p. 536*), entitled "An act to prevent the pollution of the waters of this state by the establishment of a state sewerage commission," as amended by *P. L. 1900 p. 113*, makes it unlawful for a municipality to build or operate any plant for the treatment of sewerage from which the effluent is to flow into any of the waters of the state, *except under such conditions and upon such plans as shall be approved by the commission*.—*Held*, that this legislation, by necessary implication, removes such disposal plants, when constructed on plans and under conditions approved by the commission, from the supervision of the state board of health, which was conferred upon that body by the act to secure the purity of the public supplies of potable waters (*P. L. 1899 p. 73*), and relieves the owners and users of such plants from the liabilities created by that act.

On appeal from a decree advised by Vice-Chancellor Leaming, whose opinion is reported *ante p. 289.*

Mr. *Edward D. Duffield* and Mr. *Robert H. McCarter,* attorney-general, for the appellant.

Mr. *Herbert C. Bartlett* and Mr. *Royal P. Tuller,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a decree of the court of chancery dismissing a bill of complaint filed in the name of the state on the relation of the state board of health, for the purpose of securing an injunction to restrain the borough of Vineland from permitting the effluent from its sewage filtration beds to flow into the waters of a tributary of Maurice river, from which the city of Millville takes its water-supply. The bill is filed by the state board of health under the act of March 17th, 1899, entitled "An act to secure the purity of the public supplies of potable waters in this state." It was dismissed on the ground that, as the learned vice-chancellor considered, this statute was repealed, by implication, by a subsequent act passed in the same year, entitled "An act to prevent the pollution of the waters of this state, by the establishment of a state sewerage commission, and authorizing the creation of sewerage districts and district sewerage boards, and prescribing, defining and regulating the powers and duties of such commission and such boards," as revised and amended by the legislature of 1900. *P. L. 1900 p. 113.*

We have had occasion at the present term to consider the question whether the act creating the state sewerage commission, by necessary implication, repealed the act to secure the purity of the public supplies of potable waters in this state, and reached the conclusion that it repealed only so much of the prior legislation as was repugnant to the provisions of the later act. *State, ex rel. Board of Health of New Jersey,* v. *Ihnken.*

It appears from the proofs in the case that the borough of

Vineland constructed the plant for the treatment of its sewage, the effluent of which flows into the tributary of Maurice river, in the year 1903, under conditions which were approved by the state sewerage commission, and upon plans which it submitted to that body, before constructing its plant, and which received its approval. By the seventh section of the act creating the state sewerage commission, as amended in 1900, it is declared that

"It shall be unlawful for any person, corporation or municipality to build, or cause to be built, or operate any plant for the treatment of sewage or other polluting substance from which the effluent is to flow into any of the waters of this state, except under such conditions as shall be approved by the state sewerage commission, to whom any new plans shall be submitted before building."

The enactment of this provision is a legislative recognition of the fact that the health of the citizens of a municipality absolutely requires the adoption of some method for the disposition of its sewage, and that some part of the effluent thereof will almost inevitably be carried to running streams. Recognizing these facts, and the importance of having such disposal plants constructed under proper supervision, it created a body for that purpose, and declared that it should be unlawful for a municipality to construct any such disposal plant which did not meet with its approval, and, by necessary inference, made lawful all such plants as were constructed upon plans and under conditions approved by the commission. By necessary implication, also, it removed from the supervision of the state board of health sewage-disposal plants so constructed, and relieved the owners and users of such plants from the liabilities created by the provisions of "An act to secure the purity of the public supplies of potable waters in this state."

For this reason the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—13.

*For reversal*—None.