716    COURT OF ERRORS AND APPEALS.

Penna. R. R. Co. v. Jersey City.          *84 N. J. L.*

PENNSYLVANIA RAILROAD COMPANY, APPELLEE, v. THE
    MAYOR AND ALDERMEN OF JERSEY CITY, APPEL-
    LANT.

Submitted March 19, 1913—Decided June 30, 1913.

Where the legislature has seen fit to confer upon railroad companies
    the right to consume fuel and emit the smoke arising therefrom,
    in order to operate their railroads, and in so doing to be immune
    from liability for damage to adjacent property, provided such
    damage results, notwithstanding proper care is used by the com-
    pany in operating its railroad, a municipality cannot, without at
    least express power delegated to it, make it unlawful to permit
    the emission of dense smoke from the smokestacks of its loco-
    motives, unless the escape of such smoke results from negligence
    or want of due care.

On appeal from the Supreme Court.

For the appellant, *Thomas G. Haight* and *Warren Dixon.*

For the appellee, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BERGEN, J. The city of Jersey City instituted seventeen
suits against the defendant for violations of an ordinance,
and defendant, being convicted and a penalty imposed in each
case, removed them to the Supreme Court where a judgment
of reversal was ordered, from which the city appeals.

The cases each bear the same title and were designated on
the list of this court for the March term, 1913, as numbers
48 to 64, inclusive. They were argued together, and as the
same questions are involved in each case, the disposition of
number 48, with which this opinion deals, will control the
others, and the reasons given for the conclusion declared in
this case will be adopted as the reasons for a like result in the
remaining cases argued.

The sections of the ordinance, which it is claimed justifies
the judgment of conviction, read as follows:

"Section 1. Be it ordained by the mayor and aldermen of Jersey City that it shall be unlawful to permit the emission of dense smoke from any stack connected with any engine or locomotive within the limits of Jersey City, which smoke contains soot or other substance in sufficient quantity to cause injury to health or damage to property within the corporate limits of said city.

"Section 2. Be it further ordained that any owner, lessee, occupant, manager, engineer or fireman of any engine or locomotive to which is attached any smokestack, who permits or allows, within the limits of Jersey City, to be emitted from such smokestack dense smoke containing soot or other substance in such quantity as to cause injury to health or damage to property within the limits of said city, shall upon conviction thereof before a police justice, forfeit and pay a penalty of fifty dollars ($50) for each and every violation thereof."

The testimony shows that the conviction is rested upon proof of the emission of dense smoke from defendant's engines and locomotives while being operated under legislative authority, and the case does not call for any consideration of the power of the city to legislate regarding smoke that may be emitted from "stacks" connected with any other class of engines than those used by a duly-incorporated railroad company, and no expression of opinion concerning any other class of engines or smokestacks than those used by railroad companies is intended.

The proposition presented is, Has the city the power to enforce this ordinance against this defendant when the emission of dense smoke from its engines is caused by the consumption of fuel necessary in the exercising of its legislative grant to operate a railroad? All negligence or want of care on the part of the railroad company, in the conduct of its authorized business is eliminated, for the ordinance applies to the emission of dense smoke from defendant's engines, whether it be the result of negligence or not. The defendant is authorized by the legislature to use engines in carrying on its business, and that cannot be done without the consumption of fuel and the

consequent emission of smoke, which at times must fall within the description of dense, and so long as the conduct of defendant is not negligent, it has the right to allow smoke to escape from its engines.

To sustain the contention of the city we should have to assume that, notwithstanding its grant to the defendant, the legislature has delegated to the city a power, which practically amounts to a repeal of its former grant, for no railroad can be operated without creating smoke, and if the city can forbid the escape of dense smoke, it can also prevent the emission of all smoke, and thus deprive the railroad company of the right to burn fuel in the prosecution of its business, because the burning of fuel is not only necessary to operate a railroad, but must produce smoke.

We are of opinion that no such power is vested in the city, and therefore the ordinance, so far as it attempts to make unlawful the emission of smoke from defendant's engines affords no lawful basis for the conviction of the defendant under the proofs in this case, and that as to it the ordinance is void and the convictions must be set aside.   So far as the ordinance attempts to exercise the police power for the benefit of the public health, it is sufficient to say that that power is vested in the board of health, to which it has been delegated by the legislature.

Where the legislature has seen fit to confer upon railroad companies the right to consume fuel and emit the smoke arising therefrom, in order to operate their railroads, and in so doing to be immune from liability for damage to adjacent property, provided such damage results, notwithstanding proper care is used by the company in operating its railroad, a municipality cannot, without at least express power delegated to it, make it unlawful to permit the emission of dense smoke from the smokestacks of its locomotives, unless the escape of such smoke results from negligence or want of due care.

This ordinance undertakes to punish railroad companies for permitting the emission of dense smoke from their en-

MARCH TERM, 1913. 719

55 Vroom.        Jersey City v. Washburn Bros. Co.

gines in sufficient quantity to cause damage to property whether it results from negligence or not.

We think no such power has been given to the city, and therefore the judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, KALISCH, BOGERT, CONGDON, WHITE, TERHUNE, JJ. 11.

*For reversal*—None.