32 N.J. Super. 538 (1954)
108 A.2d 660
BOROUGH OF WESTVILLE, A MUNICIPAL CORPORATION, AND THE STATE OF NEW JERSEY, ON THE RELATION OF THE LOCAL BOARD OF HEALTH OF THE BOROUGH OF WESTVILLE, A MUNICIPAL CORPORATION, PLAINTIFFS,
v.
WHITNEY HOME BUILDERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, LEWIS S. KAPNEK, BERTRAM H. KAPNEK, WOODBURY TERRACE TRACT CORP., A CORPORATION ABOUT TO BE FORMED UNDER TITLE 48, CHAPTER 13 OF THE LAWS OF NEW JERSEY, AND THE TOWNSHIP OF DEPTFORD, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 20, 1954.
*540 Mr. W. Louis Bossle, attorney for plaintiffs.
Mr. George B. Marshall (Mr. Walter L. Marshall and Mr. Louis B. LeDuc, of counsel), attorney for defendants Whitney Home Builders, Inc., Lewis S. Kapnek, Bertram H. Kapnek and Woodbury Terrace Tract Corp.
Mr. Martin L. Caufield, attorney for defendant Township of Deptford.
HANEMAN, J.S.C.
The plaintiffs herein have filed a complaint under which they demand relief by way of injunction as against the defendants. The complaint sets forth the following alleged facts.
The defendant Whitney Home Builders, Inc., a corporation engaged in the erection of dwelling houses in the Township of Deptford, Camden County, New Jersey, adjacent to the boundary line between said township and the Borough of Westville, proposes to erect a sewerage disposal plant in the former township and adjacent to said dividing line. Said disposal plant will be erected and operated through a corporation known as Woodbury Terrace Sewerage Corporation. The effluent from the said disposal plant will be discharged into an open ditch for the drainage of surface waters, which extends in a northeasterly direction from the said boundary line through the Borough of Westville to the waters of Big Timber Creek. The ditch flows through a *541 public park located in the Borough of Westville, where it widens into a pond. Bordering and bounding this public park is a tract of land owned by the Board of Education of the Borough of Westville, which has a school erected upon it. During long periods of time in each year the ditch is dry. The plaintiffs anticipate that the release of the effluent into the ditch and the pond will cause a public nuisance and create a situation detrimental to health.
In furtherance and in connection with the proposed construction of said sewerage plant the plaintiffs allege that the defendant Township of Deptford adopted an ordinance giving its consent to the construction of said sewerage disposal plant, upon the expressed condition that the defendant Woodbury Terrace Sewerage Corporation would give an irrevocable option to said township to acquire the sewerage disposal plant and system at a price fixed in said ordinance.
Pursuant to the proposed construction, application was made to the Department of Health of the State of New Jersey for a permit or license. Under date of September 8, 1954 the Department of Health of the State of New Jersey forwarded a letter to the applicant, a copy of which follows:
"September 8, 1954. Mr. Lewis S. Kapnek, 122 South 40th Street, Philadelphia 4, Pennsylvania. Dear Mr. Kapnek: Re: New sewage treatment plant and pumping station, Woodbury Terrace Sewerage Corp., Deptford Township, New Jersey. Please be advised that the engineers of this Department have examined the plans and allied data relative to the above proposal submitted by your consulting engineer, Mr. A.J. Lanning, under application dated June 14, 1954. The examination indicates that the project as designed complies with the Rules and Regulations of this Department on such design. Formal permits for construction and operation will be issued upon receipt of certification by the New Jersey Board of Public Utility Commissioners. Very truly yours, Robert S. Shaw, Chief, Bureau of Public Health Engineering. 6E2:G4, cc Mr. A.J. Lanning, Southern State Health District."
The plaintiffs seek relief upon two grounds: (1) the common law concept that the lower riparian proprietor has a right against his upper riparian proprietor that the waters which flow through the lands of the former shall not be unreasonably *542 contaminated or polluted by the upper riparian proprietor, and (2) that the projected or threatened acts of the defendants will cause a condition dangerous to the health of the inhabitants of the Borough of Westville. As to this latter cause of action, the Borough of Westville asserts no rights, but the Local Board of Health of the Borough of Westville, hereafter referred to as the local board of health, sues to enjoin such a nuisance in the name of the State of New Jersey.
The defendants move for a summary judgment upon the grounds that (1) the action of the Borough of Westville is premature, (2) the suit is ultra vires insofar as the local board of health is concerned, and (3) the complaint fails to state a cause of action against the Township of Deptford.
At the time of the argument the defendants admitted that the Borough of Westville had a right to maintain this action as a lower riparian proprietor against the defendants, the upper riparian proprietors. This cause of action contemplates the commission of a private nuisance. The admission was apparently based upon the theory that the Legislature cannot authorize or legalize a private nuisance. Hyde v. Somerset Air Service, Inc., 1 N.J. Super. 346 (Ch. Div. 1948).
It becomes necessary to treat first of the argument that this action by the Borough of Westville is premature, no nuisance being presently in existence.
An injunction may be granted to restrain an undertaking which is reasonably apprehended will create and result in a private nuisance. It is no ground to dismiss a complaint seeking such an injunction on the ground that the action is premature, since the acts which allegedly would create a nuisance have not actually been committed. It is not necessary for the plaintiff to await the actual commission of acts which would result in a nuisance to warrant his bringing a suit for a restraint. For the purpose of a motion as here made, the allegations are sufficient if they demonstrate that it may be reasonably apprehended that the commissions of the acts anticipated will create and result in a *543 nuisance. The quantum of the proof required to ultimately warrant the granting of the relief demanded by the plaintiffs is a question not now before this court. The sole question is whether the complaint sets forth a cause of action. Sayre v. Mayor and Common Council of City of Newark, 58 N.J. Eq. 136 (Ch. 1899), reversed on other grounds 60 N.J. Eq. 361 (E. & A. 1900); Oechsle v. Ruhl, 140 N.J. Eq. 355 (Ch. 1947); Lou Menges Organization v. North Jersey Quarry Co., 3 N.J. Super. 494 (Ch. Div. 1949); Vaszil v. Molnar, 133 N.J. Eq. 577 (Ch. 1943).
The objection to the complaint that the action by the Borough of Westville, in seeking an injunction against an anticipated private nuisance, is premature, is without merit. The motion for summary judgment against the Borough of Westville will be denied.
The second motion, which is bottomed upon the theory that the action of the local board of health is ultra vires, will be next considered. This cause of action is predicated upon R.S. 26:3-56, which provides as follows:
"The local board, instead of proceeding in a summary way to abate a nuisance hazardous to the public health, may institute an action in the Superior Court, in the name of the State, on relation of the Board, for injunctive relief to prohibit the continuance of such nuisance."
This section of the statute would seem to give the local board of health the right to maintain this action for the abatement of a public nuisance. However, the State Department of Health is vested with the supervision of the construction of disposal plants for the treatment of sewerage wastes and other deleterious matter, liquid or solid, discharged into any of the waters of the State, by virtue of R.S. 26:1A-37. This jurisdiction is exclusive.
Under R.S. 26:1A-1 et seq., R.S. 58:10-1 et seq., and R.S. 48:13-11, the supervision and control of the discharge of sewerage into the fresh waters of this State is as well vested in the State Department of Public Health.
*544 In State Board of Health v. Borough of Vineland, 72 N.J. Eq. 862 (E. & A. 1907), the court said as follows:
"The enactment of this provision is a legislative recognition of the fact that the health of the citizens of a municipality absolutely requires the adoption of some method for the disposition of its sewage, and that some part of the effluent thereof will almost inevitably be carried to running streams. Recognizing these facts, and the importance of having such disposal plants constructed under proper supervision, it created a body for that purpose, and declared that it should be unlawful for a municipality to construct any such disposal plant which did not meet with its approval, and, by necessary inference, made lawful all such plants as were constructed upon plans and under conditions approved by the commission."
Even though it be admitted, for the sake of this motion alone, that the construction and operation of a sewerage disposal plant, as approved by the Department of Health, would constitute a public nuisance, the plaintiffs are without a remedy before this court. The Legislature has seen fit to make the commission of such a public nuisance lawful and has placed the sole power to permit and control such a public nuisance within the jurisdiction of the State Department of Health. The Legislature has the power to make lawful, so far as the public is concerned, a work or business which by common law would otherwise be a public nuisance. Garrett v. State, 49 N.J.L. 94 (Sup. Ct. 1886).
Where, as here, the Legislature has authorized the State Department of Health to approve the discharge of effluent from a sewerage disposal plant into a stream in this State, even though the discharge of said effluent would, under common law, be deemed a public nuisance, it does not constitute such a public nuisance. It is conceivable, of course, that in spite of the approval of a sewerage disposal plant by the State Department of Health, that the manner in which it is operated may be so negligent as to result in a public nuisance. In this event, the act of the operator constitutes more than the mere doing of an authorized act and may, in a proper case made, be enjoined by this court. State v. Erie R. Co., 84 N.J.L. 661 (E. & A. 1913); Pennsylvania R. Co. v. Mayor and Aldermen of Jersey City, 84 N.J.L. 716 (E. & *545 A. 1913); Mayor and Aldermen of Jersey City v. Erie R. Co., 84 N.J.L. 761 (E. & A. 1913); Garrett v. State, 49 N.J.L. 94 (Sup. Ct. 1886).
The action of the local board of health in seeking to declare the construction of a sewerage disposal plant a public nuisance prior to its actual construction and operation, is ultra vires. The motion, insofar as it concerns the Local Board of Health of the Borough of Westville, will be granted.
The motion addressed to the Borough of Westville having been denied, it follows that the Township of Deptford is a necessary party to this action, since it has an interest under its option to purchase.
The motion of the Township of Deptford will be denied.
Judgment will be entered accordingly.