## THE WARREN RAILROAD COMPANY v. THE TOWN OF BELVIDERE.

An order overruling a demurrer, with leave to plead, is a mere interlocutory order, on which a writ of error cannot be brought.

In error to Supreme Court.

For the grounds upon which this writ of error was brought, and for the former proceedings in this cause, see 5 *Vroom* 193.

The case was argued in June Term, 1871.

For plaintiffs in error, *J. Vanatta.*

1. The act of March 28th, 1862, concerning taxes, section fifteen, is not, in form or substance, a penal enactment, and should not be so construed. It was, in fact, a remedial statute, intended to compensate the state, counties, and town-

ships for the losses they would sustain by withholding the taxes after they became due. 1 *Black. Com.*, §§ 6 ;7; *City of Camden* v. *Allen*, 2 *Dutcher* 399; 1 *Bouv. L. Dic.* 7, 652, "*Interest;*" *Robinson* v. *Bland*, 2 *Burr.* 1085–8; *Bodily* v. *Bellamy*, 2 *Ib.* 1096–7.

2. The fifteenth section of the tax act of March 28th, 1862, has never been repealed. The twenty-seventh section of the act of April 11th, 1866, (*Laws* 1866, *p.* 80,) is but a revision and continuance of the fifteenth section of the act of 1869. *Laws* 1862, *p.* 352.

Law is a rule of action commanding what is right, and prohibiting what is wrong. The rule requiring twelve per cent. interest to be paid on overdue taxes, has been the rule of law in this state ever since the 28th of March, 1862. That rule has been constantly, incessantly, in force, and has never been inoperative for a single moment of time.

A statute which was to have continuance for seven years, which, after the expiration of that term, by another statute had been made perpetual, the latter is a continuance of the former, and the former is said to be, and is, treated as if still in force, and that although the continuing statute has made some alteration in the former one. *Bac. Ab., Statute, D; Shipman* v. *Best*, 4 *Term R.* 109.

If, before the expiration of a temporary statute, it be made perpetual by another statute, the former is as much in force as if it had at first been made perpetual. *Dingley* v. *Moor*, *Cro. Eliz.* 750.

This was an information on the 33 *Henry VIII., ch.* 10, for buying of worsted yarn, not being a weaver, and recited that statute, and 1 *Edw. VI, ch.* 6, whereby it is made perpetual, and averred that it was contrary to *Stat.* 33 *Henry VIII., ch.* 3, &c. Objection that it ought to be coupled with the *Stat. Edw. VI., ch.* 6, and concluded *contra formam statutorum.*

Popham said when a statute is made to endure for a certain time, and is afterwards made perpetual by a new act, or made perpetual in part, and when it is continued with a new addi-

tion; for when a statute is made perpetual in part, or in whole, without any new addition or alteration, the offence may well be supposed against the form of the first statute, for that act is made to continue; and here in this case, the 33 *Henry VIII., ch.* 16, is made to continue for yarn spun upon rocks, but not for other yarn, and the information might well be *contra formam statuti* of 33 *Henry VIII., ch.* 16.

This clearly shows that so much of the old act as was continued by the new, was the old act not repealed nor expired.

1 *Hale's Pleas of the Crown* 667 says : " But if a statute be continued until the close of the next session of parliament, and before that next session be ended, it is continued over, the indictment may run *contra formam* of the first statute, for it never was interrupted, or it may conclude *contra formam statutorum.* 1 *Kent's Com.* 466–7 ; *Theriat* v. *Hart,* 2 *Hill* 380 ; *Matter of Brown,* 21 *Wendell* 316 ; *Steamship Company* v. *Joliff,* 2 *Wallace* 450–8 ; *Wright* v. *Oakley,* 6 *Metc.* 406 ; *Sedg. on Stat. and Con. Law* 129 ; *Rex* v. *Rogers,* 10 *East ; Nix. Dig.* 910.

For defendant in error, *J. G. Shipman* and *B. Williamson.*

The judgment in this case should be affirmed, because—

1. The plaintiff in error claimed by this writ, the right to receive twelve per cent. interest on the tax, when the law authorizing it had been repealed.

2. The plaintiff in error was not, under the pleadings, entitled to receive the twelve per cent. interest.

3. There was a general demurrer to the whole answer; and if any part of it was good, the demurrer had to be overruled wholly, and general judgment had to be given on the demurrer for the defendant in error.

4. On general demurrer the defendants had a right to question the legality of the writ, and that being found defective in part, the general demurrer had to be wholly overruled, and judgment given thereon for the defendant in error.

And, lastly, because the whole tax demanded under the writ was illegal—the law under which it was assessed having been repealed.

The opinion of the court was delivered by

BEDLE, J.　The tax in this case was assessed for the year 1865 against the company on its capital stock, under the law of 1862, (March 28th.)　It was sustained in the Supreme Court, and also in this court.　After which an alternative *mandamus* was issued, commanding its payment, together with the twelve per cent. thereon as interest from December 20th, 1865.　The return sets up certain facts why the writ should not be enforced, and also that the company was not bound to pay the twelve per cent.　To this return a demurrer was interposed, and the opinion of the Supreme Court sustains the right of the town to collect the tax, notwithstanding the facts of the return, but disallows the claim for the twelve per cent.　The facts and questions affecting the merits fully appear in the opinion of that court.　5 *Vroom* 193.　The conclusions reached by this court on the points now raised, are as follows:

1. The tax act of 1862 is repealed by the act of 1866, (*Nix. Dig.* 957, § 32,*) but such repeal does not affect the tax assessed.　That was a matter closed by the assessment, and, besides, has been concluded by final judgment since the repeal.

2. The twelve per cent. was a creature entirely of section fifteen of the Act of 1862, and is in its nature a penalty for delinquency in the payment of taxes.　The repeal of the statute defeated the claim under it, and for that reason the *mandamus* was too broad.

3. Section twenty-seven of the act of 1866, although in words substantially the same as section fifteen of the act of 1862, yet, with some variation, is only prospective in its operation, and does not reach past delinquencies, and is not a revision or continuation of section fifteen.　The whole act of 1862 is in terms repealed without any saving clause, and the legal results of the repeal must follow.

4. Section four of an act to repeal certain acts and parts of acts, approved April 17th, 1846, (*Nix. Dig.* 910,) does not remove the difficulty.　That section was intended only to relieve from certain consequences of the repeal made by the

* *Rev. p.* 1060, ? 90.

revision of 1846, and is not applicable to repeals by prospective legislation.

5. In examining the record brought here, it is found that it does not contain, by fair legal construction, a final judgment. There is some color of one, but it only amounts to an order overruling the demurrer, and that the town take nothing by the motion thereon. The effect of such an order is to permit an application to the Supreme Court to withdraw the demurrer, on payment of costs, and for leave to amend, or to apply for another writ, as the town may be advised. It was an interlocutory order merely, and no writ of error could properly lie thereon until final judgment. The court must therefore dismiss the writ; but, inasmuch as no objection was raised to it, and the merits have been fully argued, it has been deemed best to give the conclusions of the court thereon.

The writ of error must be dismissed, and the record remitted to the Supreme Court.

*For dismissal*—BEDLE, SCUDDER, KENNEDY, LATHROP, WALES—5.

*Contra*—DALRIMPLE, CLEMENT, OLDEN—3.

CITED *in State, North Ward N. Bank, pros.,* v. *Newark,* 10 *Vr.* 386; *Del., Lack. & W. R. R. Co.,* v. *Salmon,* 10 *Vr.* 301; *Middleton* v. *N. J. West Line R. R. Co.,* 11 *C. E. Gr.* 274.