State, Copeland, Pros., v. Village of Passaic.

STATE, GEORGE COPELAND, PROSECUTOR, v. THE VILLAGE
OF PASSAIC.

1.  The effect of a repealing clause upon a previous statute, which confers
    a special jurisdiction, is to end all proceedings under it which are not
    closed, unless there be an exception in the repealing statute.
2.  Where commissioners are appointed to assess damages for opening
    streets, &c., and a new act is passed substituting a new method of pro-
    cedure, giving an appeal to other commissioners to be appointed by a
    Justice of the Supreme Court, and repealing the former act without
    exception, an appointment of commissioners for review under the
    substituted law, will be irregular.
3.  Such irregularity may be cured as well by a subsequent statute as by
    a saving clause in the repealing act.
4.  When the subsequent act remedies all defective assessments, *where
    they were* properly made in proportion to the benefits received, if it
    appears that the party assessed had no notice, was not present, or had
    no opportunity of being heard before the commissioners, it will not
    be assumed, in the absence of proof, that such person was properly
    assessed in proportion to the benefits received, although the commis-
    sioners do so report.
5.  Under this charter, the entire assessment may be set aside, and new
    commissioners appointed to re-assess the damages.

On *certiorari* to the village of Passaic, to bring up the
assessment or estimate of value and damages, made by Richard
R. Post, Edward Morrell and George Denholm, commissioners
appointed by Justice Bedle, September 18th, 1871, on the ap-
peal of Daniel Demarest, to review and examine the assess-
ments of Conkling, Condray and Kip, commissioners, &c.,
appointed March 6th, 1871, by the board of council of the
village of Passaic, for the laying and opening of Sherman
street.

Argued at June Term, 1873, before Justices BEDLE, WOOD-
HULL and SCUDDER.

For the plaintiff, *A. B. Woodruff*.

For the defendant, *T. M. Moore*.

The opinion of the court was delivered by

SCUDDER, J. The first reason assigned for setting aside the assessment made by the commissioners, Post, Morrell and Denholm is, that they were not lawfully appointed.

The charter of the village of Passaic, approved March 10th, 1869, gave no appeal from the assessment of the commissioners appointed by the board of council, but in section nineteen, directed that a report, with a survey map, estimate and assessment of the cost of the improvement, in proportion to the benefit received, &c., be made to the board of council.

If no remonstrance was made by the owners of two-thirds in value of the lands proposed to be assessed, the board of council should proceed to execute such improvement; but if such remonstrance should be filed, the board should proceed no further thereon.

The act approved March 21st, 1871, which is entitled "An : ct for revising and amending the act to incorporate the village of Passaic, and to set off said village from the township of Acquackanonk," re-enacts, in substance, section nineteen of the former act, and adds: "If the owner of any lands or real estate so taken or damaged, is dissatisfied with the value and damages reported by said commissioners, or if the owner of any lands assessed is dissatisfied with such assessment, he may apply to a justice of the Supreme Court, at the Circuit Court held in Passaic county, next after the end of twenty days, &c., giving ten days' notice of such application to the village clerk, or in his absence to the president of the village, &c., and said justice shall appoint three commissioners, who shall meet on ten days' notice given by or to any of said persons so applying to each of the others, &c., and to the village clerk, and the commissioners shall proceed to examine persons and papers, and to swear witnesses and to compel their attendance, &c., and shall review the proceedings of the said commissioners appointed by the board of council so far only as the complaint or petition of the applicant to the

justice of said court is concerned, and report, which report shall be conclusive."

This abstract, taken from the nineteenth section, will give the parts which are most material in examining the question raised.

The appointment of the first commissioners was made by the board of council under the charter of March 10th, 1869. The appointment of the second commissioners, by Justice Bedle, was made under the act of March 21st, 1871, which gave this review. The act is silent as to existing proceedings under the act of 1869, and only repeals the former statute so far as it is inconsistent with its provisions.

Section nineteen of the act of 1871, is section nineteen of the act of 1869, with the provision for the appointment of commissioners for review, to be appointed by a justice of the Supreme Court. It is a substitution of one section in a statute by another, which is in effect a repeal of the former.

As this is the only section in the charter which authorizes proceedings to lay out, open, widen, alter, grade, pave, &c., streets in the village of Passaic, when the section is repealed all proceedings under it fall, which are pending and incomplete at the time the repeal takes effect.

The effect of a repealing clause on a previous statute, which imposes a penalty, or confers a special jurisdiction, is to end all proceedings under it, which are not closed, unless there be an exception in the repealing statute. *Butler* v. *Palmer*, 1 *Hill* 330; *Sedg. on Stat. and Const. Law* 129, &c.; *Belvidere* v. *Warren Railroad Co.*, 5 *Vroom* 193.

This act, which gives power to condemn lands for streets, assessing damages and benefits for the same, is a statute conferring jurisdiction, and is matter of strict interpretation.

The proceedings under the act of 1871, to appoint commissioners to review the act of commissioners appointed under the act of 1869, are irregular. The action of the former commissioners and board of control should stand or fall, as they were under the act of 1869, at the time of the repeal of

section nineteen, by the enactment of a substituted section in the later charter.

But the legislature, in the charter of the city of Passaic, approved April 2d, 1873, has attempted to cure these defective assessments. This may be done as well by subsequent statute, as by a saving clause in the repealing act. Section eighty-four enacts that, whereas doubts have arisen as to the validity of certain assessments for improvements in the village of Passaic, under the acts of March 10th, 1869, and March 21st, 1871, and it is desirable that the same should be validated and confirmed, therefore all such assessments are thereby declared to be valid and effectual in law, as if every provision of the charter of the village of Passaic, under which said assessments were made, had been complied with, except in cases where it shall appear to the Supreme Court that the commissioners who made such assessments have not properly assessed the lands and real estate by said charter directed to be assessed, in proportion to the benefit received thereby, in which case said assessments may for that cause be set aside.

This section cures these assessments, except so far as it shall appear that they have not been properly assessed in proportion to the benefits received.

Such retroactive statutes are questionable in policy, but their validity within certain limitations, especially excepting the rights secured by the constitution, has been assumed in our state. *State* v. *Newark,* 3 *Dutcher* 185 ; *State* v. *Bergen,* 5 *Vroom* 438 ; *State* v. *Town of Union,* 4 *Vroom* 350.

The question left for decision is, therefore, one of construction. The true and just construction of the phrase " properly assessed in proportion to the benefits received," is that the assessment has, in fact, been fairly and honestly made, and is equal and just in amount, in proportion to the benefit received. And this brings us to the consideration of the second and third reasons assigned for setting aside this assessment.

The second is, that the commissioners did not proceed according to law in making said assessment. This is too

general to be treated specifically.   It has been answered, in part, by what has preceded, and it will be considered, also, under the third reason, which is, that the commissioners gave no notice to the land owners interested in the making of said assessment, and no opportunity to be heard in relation thereto.

Under the provision in section nineteen, of the act of 1871, that a dissatisfied owner of lands may apply to a Justice of the Supreme Court to appoint three commissioners to review the assessment made by the commissioners named by the board of council, Daniel Demarest applied for the appointment of such commissioners.   They were appointed and their report shows that the only notice given was ten days' notice to the village clerk, and upon this they proceeded and increased the assessment for damages of said Daniel Demarest to eighteen hundred dollars, ($1800,) and made an additional assessment on the prosecutor, George Copeland, of five hundred and four dollars and eighty-nine cents ($504.89,) for benefits, to aid in payment of the increased damages.

It appears affirmatively, by affidavits taken on the part of the prosecutor, that no notice was given to him either of the application to the Justice of the Supreme Court for the appointment of commissioners, or of their meeting to examine the premises and witnesses.

The only notice required by the act for the application to the Justice of the Supreme Court, is ten days' notice to the village clerk, or, in his absence, to the president of the village. No other notice was therefore necessary.

But it is further enacted, that the commissioners "shall meet on ten days' notice, given by, or to any of, said persons so applying to each of the others, or to his, her, or their attorney or agent, if they, or either of them, reside in said village, and to the village clerk, and shall proceed to examine persons," &c.

The construction put upon this by the defendants is, that such notice was only to be given to each of the other persons who make application for commissioners to review.

The word " others " should have a wider signification given to it, and it extends to all who are interested in the application for a new assessment.

The statute, then, required notice to be given of the meeting of these commissioners, to examine the question of re-assessment, and no such notice was given. It appears, by the affidavits, that the prosecutor was not notified, was not present, and had no opportunity of being heard before the commissioners.

Without his knowledge or consent, therefore, this increased assessment of $504.89 was made against him, and constituted a lien upon his lands for payment. By the express words of the act, also, this assessment is made conclusive on all parties.

Was the assessment, then, properly made in proportion to the benefits received ?

There can be no proper assessment of damages against a person by such commissioners which shall finally conclude his rights, unless he have actual or constructive notice, and have the opportunity to be heard.

This is the fact upon which the jurisdiction depends, and is fundamental and essential. *State* v. *Jersey City*, 4 *Zab.* 662 ; *State* v. *Newark*, 1 *Dutcher* 399 ; *State* v. *Elizabeth*, 1 *Vroom* 365 ; *S. C.*, 2 *Vroom* 547 ; *Dillon on Mun. Corp.*, § 642 and note.

Nor will the court assume, in the absence of all proof, as there is none in this case, that the prosecutor's lands were properly assessed in proportion to the benefits received. It is not enough that the report of the commissioners says so, because they have acted without jurisdiction of the person whose rights they were to adjudge, and in his absence have made up their judgment against him.

Giving, therefore, the widest latitude in interpreting this section eighty-four of the act of 1873, that the legislature intended to remedy all defective assessments where they were made in proportion to the benefits, it is enough for this court to say, that where it appears there was no notice to the party who is assessed, we will not assume, in the absence of proof,

that such person was properly assessed in proportion to the benefit received.

If the assessment had been made on notice to the party assessed, or in his presence, the presumption would be in favor of the report, if it stated that the assessment was made in proportion to the benefits received; but without said notice, or presence, there can be no such presumption.

The proceedings under review in this case are, the application made by Daniel Demarest for a reassessment under the act of 1871. The increased assessment made is for his benefit, and the present prosecutor, and other abutters on Sherman street are assessed to pay his damages on the ground of special benefits. If this increased assessment is set aside, as to one of the persons assessed for a proportional amount of the damages, it is equitable and just that it should be set aside as to all, if there is a provision in either of the charters which can be used for a new assessment.

Section ninety-two of the charter of 1873, *p.* 517, in the repealing clause, saves " any rights and dues which the village of Passaic, or any person or corporation is or are entitled to by virtue thereof, and any proceedings had or commenced under said acts (1869–1871) shall proceed and be continued the same as if this act had not been passed, except," &c.

The act of 1871, section twenty-two, directs this court, in case of setting aside any such assessment, to appoint new commissioners to examine into and report anew.

Let the entire assessment, therefore, be set aside, and the court will, upon application, appoint new commissioners.

CITED in *State, Harris., pros.,* v. *Jersey City,* 9 *Vr.* 85; *State, Ryerson, pros.,* v. *Passaic,* 9 *Vr.* 171; *Rader* v. *Township of Union,* 10 *Vr.* 509