AUGUSTINE L. BECKER, WILLIAM F. BRENNER, WILLIAM J. BURKE, MARION MATLACK, LESTER J. WOLF, INDIVIDUALLY, AND AS REPRESENTATIVES OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS, v. FREDERICK M. ADAMS, THE CHAIRMAN OF THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WOODBRIDGE IN THE COUNTY OF MIDDLESEX, NEW JERSEY AND THE MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WOODBRIDGE IN THE COUNTY OF MIDDLESEX, NEW JERSEY, AND TOWNSHIP OF WOODBRIDGE IN THE COUNTY OF MIDDLESEX, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued April 3, 1962—Decided May 21, 1962.

338

*Mr. Stephen Lypinski* argued the cause for the appellants (*Messrs. Florio, Dunn, Marciano & Lypinski,* attorneys; *Mr. Joseph C. Dunn,* of counsel).

*Mr. John E. Toolan* argued the cause for the respondents (*Messrs. Toolan, Haney & Romond,* attorneys).

The opinion of the court was delivered by

JACOBS, J.  The plaintiffs are inhabitants of the defendant Township of Woodbridge and reside in sections of the township known as Port Reading and Sewaren.  On May 1, 1961 they and other residents of Port Reading and Sewaren submitted a petition under the 1895 Act for the Incorporation of Cities.  See *L.* 1895, *c.* 269, *pp.* 551–555—*R. S.* 40:168–6 through *R. S.* 40:168–12.  The petition was submitted to the Chairman of the Township Committee and requested, in effect, that an election be held to determine whether the Port Reading and Sewaren sections should be withdrawn from the township and become incorporated as an independent community to be known as the City of Port Waren.  After the petition was submitted, but before it was acted upon, a bill was introduced in the Legislature to remove the statutory basis for the petition.  The bill was numbered *Assembly* 633, was introduced on May 8, 1961, was passed on the same day by both the Assembly and the Senate, and on May 10, 1961 was signed by the Governor as *L.* 1961, *c.* 23.  It provided that the 1895 Act is repealed but that the repealer shall not affect any city theretofore incorporated (*N. J. S. A.* 40:168–13).  The statement attached to the bill noted that it was in accord with the objectives of the Committee Report which resulted in *L.* 1960, *c.* 171.  That report recommended the repeal of certain statutory provisions which had furnished authority for the incorporation of villages from sections of townships.  See *R. S.* 40:157–1 *et seq.; In re Loch Arbour,* 25 *N. J.* 258 (1957).  This authority was removed by the repealer in *L.* 1960, *c.* 171.

On June 16, 1961 the plaintiffs filed a complaint in lieu of prerogative writ which sought to compel an election under the 1895 enactment repealed by *L.* 1961, *c.* 23.  The defendants filed an answer and thereafter moved for summary judgment.  Their motion was granted and judgment for the defendants was entered in the Law Division.  Thereafter the plaintiffs appealed to the Appellate Division and

while their appeal was pending there we certified it on our own motion. See *R. R.* 1:10–1(*a*). In support of their appeal the plaintiffs advance the single contention that "having initiated a proceeding under an enabling act of the Legislature, a subsequent repeal of the act did not abate the proceeding." But *cf. S & L Associates, Inc. v. Washington Tp.*, 35 *N. J.* 224, 227 (1961); *Bor. of Little Ferry v. Bergen County Sewer Authority*, 9 *N. J.* 536, 547 (1952), *cert.* denied 344 *U. S.* 865, 73 *S. Ct.* 105, 97 *L. Ed.* 670 (1952); *Westinghouse Electric Corp. v. United Electrical, etc.*, 139 *N. J. Eq.* 97, 105 (*E. & A.* 1946); *Staudter v. Eller*, 64 *N. J. Super.* 432, 436 (*App. Div.* 1960); *Crecca v. Nucera*, 52 *N. J. Super.* 279, 284 (*App. Div.* 1958); *Kantor v. The Perth Amboy Nat. Bank*, 13 *N. J. Super.* 266, 267 (*App. Div.* 1951); *Roselle v. Wright*, 37 *N. J. Super.* 507, 515 (*Law Div.* 1955), affirmed 21 *N. J.* 400 (1956).

Municipal corporations are merely political subdivisions of the State and the legislative control over them is almost unlimited. See *Jersey City v. Martin*, 126 *N. J. L.* 353, 361 (*E. & A.* 1941); *Rhyne, Municipal Law* § 4–2, *p.* 61 (1957). The Legislature may grant and withdraw municipal powers generally and may grant and withdraw authority to sever and incorporate a particular section of a pre-existing municipality. See *Rhyne, supra*, § 2–42, *p.* 42; 1 *McQuillin, Municipal Corporations* § 3.02, *pp.* 509, 513 (3*d ed.* 1949). No resident of the municipality has any vested private right in the power to sever and incorporate. His right is strictly public in nature and is shared with other residents. Such public right may freely be withdrawn by the Legislature even after administrative and judicial proceedings towards its exercise have been taken. *Cf. Hodges v. Snyder*, 261 *U. S.* 600, 603–604, 43 *S. Ct.* 435, 67 *L. Ed.* 819, 822 (1923); *Holen v. Minneapolis-St. Paul Metropolitan A. Com'n.*, 250 *Minn.* 130, 84 *N. W. 2d* 282 (1957). In the *Holen* case, the Supreme Court of Minnesota had this to say:

"Retrospective or curative legislation is, of course, prohibited under U. S. Const. Amend. XIV, when it divests any private vested interest. It is clear, however, that a public right may always be modified or annulled by subsequent legislation without contravening the due process clause. Even after a public right has been established by judgment of the court, it may be annulled by subsequent legislation and may not thereafter be enforced. Clearly, there is a definite distinction between the effect to be given to a retroactive statute when it relates to private rights and when it relates to public rights." 84 *N. W. 2d*, at *p.* 287

See *Newbury v. Patterson,* 53 *N. J. L.* 120, 122 *(Sup. Ct.* 1890).

▓ The plaintiffs do not question the sweeping power of the Legislature but urge that their right to sever and incorporate was "saved by *R. S.* 1:1–11 in the absence of clear language to the contrary in the repealing act." And they also urge that under *R. S.* 1:1:14 their proceeding before the Township Committee did not abate. *N. J. S. A.* 1:1–11 provides that the repeal of a statute by the enactment of the Revised Statutes, the New Jersey Statutes, or "any other revision law" shall not impair or invalidate any act done or right or limitation "vested or accrued" *(cf. Rocker v. Cardinal B. & L. Assn. of Newark,* 13 *N. J. Misc.* 397, 402, 179 *A.* 667 *(Sup. Ct.* 1935), affirmed 119 *N. J. L.* 134 *(E. & A.* 1937)), and shall not in any way invalidate any right or title conferred by the repealed statute in "real or personal property." *R. S.* 1:1–14 provides that no action or proceeding of "a civil nature" *(cf. Tims v. Spragg,* 58 *N. J. L.* 273, 274 *(Sup. Ct.* 1895)* ; *Koch v. Vanderhoof,* 49 *N. J. L.* 619, 622 *(Sup. Ct.* 1887)) shall abate because of the repeal of the underlying statute but that the action or proceeding shall be prosecuted to "final judgment, decree or decision." See *Barnaby v. Bradley & Currier Co.,* 60 *N. J. L.* 158, 160-161 *(E. & A.* 1897) ; *Wilson v. Herbert,* 41 *N. J. L.* 454, 458 *(Sup. Ct.* 1879). The quoted language and the cited cases indicate that the general saving enactments embodied in *N. J. S. A.* 1:1–11 and *R. S.* 1:1–14 have little pertinence where, as here, the single step taken

by the plaintiffs before the repealing enactment became effective was the submission of a petition to the Committee Chairman pursuant to a statute which gave them no vested private rights whatever. See 1 *Sutherland, Statutory Construction* § 2047, *p.* 533 (1943). However, we need not pursue any issue as to the precise scope of *N. J. S. A.* 1:1–11 and *R. S.* 1:1–14 since those enactments must, in any event, give way to any clear legislative purpose appearing from the later enactment embodied in *L.* 1961, *c.* 23. See *Di Angelo v. Keenen,* 112 *N. J. L.* 19, 21 (*Sup. Ct.* 1933), affirmed 115 *N. J. L.* 507 (*E. & A.* 1935).

■ It is entirely evident that the legislative withdrawal in *L.* 1961, *c.* 23 of the authority to sever and incorporate was intended to apply not only in the future but also to any pending proceeding such as that initiated by the residents of Port Reading and Sewaren. When the enactment is read in the light of its history, there is no question that such was its purpose; and the same may be gathered though its terms be read by themselves. Thus it states that the 1895 Act is repealed and that the repealer shall become effective immediately. And it expressly provides that the repealer shall not affect any city theretofore incorporated from which it may readily be inferred that there was no legislative intent to exclude pending and uncompleted incorporations from the scope of the repealer. We are not at all concerned with any question as to whether the Legislature should have withdrawn the statutory basis for the plaintiffs' petition; that was entirely a matter of legislative policy and judgment. See *Two Guys from Harrison, Inc. v. Furman,* 32 *N. J.* 199, 229 (1960). That it intended to withdraw it is wholly clear and, there being no constitutional barrier to the legislation, our judicial function is to give full effect to the legislative intent. See *N. J. Pharmaceutical Ass'n v. Furman,* 33 *N. J.* 121, 130 (1960).

The judgment entered below is in all respects affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.