128 N.J. Super. 417 (1974)
320 A.2d 212
ERNEST SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFF,
v.
THE CITY OF NEWARK ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 30, 1974.
*420 Mr. Theodore A. Winard, Assistant Attorney General, and Mr. John F. Shoosmith, Jr., Deputy Attorney General, for defendant Civil Service Commission (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
Mr. Irvin L. Solondz and Mr. Frank B. O'Neill for plaintiff.
*421 Mr. Donald S. Coburn, Assistant Corporation Counsel of the City of Newark, for defendant City of Newark (Mr. Donald E. King, Corporation Counsel, attorney).
Mr. John W. Noonan for individual defendant Fire Captains and Professional Fire Officers Association, Local 1860, I.A.F.F., AFL-CIO (Messrs. Noonan & Flynn, attorneys).
MILMED, J.S.C.
The Attorney General by his motion on behalf of defendant Civil Service Commission to dismiss the latest amended complaint in this action brings up for review the constitutionality of the provisions of chapter 3 of the Laws of 1972 which eliminate municipal residency as a prerequisite for appointment, continued employment or promotion for municipal firemen. N.J.S.A. 40A:14-9.1 to 40A:14-9.8, inclusive, and N.J.S.A. 40A:14-10.1 and 40A:14-13, as amended. Similar provisions relating to municipal policemen are contained in the same statute.
Plaintiff, a resident of the City of Newark employed by its Fire Department, commenced this class action on behalf of resident Newark firemen who took a competitive examination for promotion to the position of fire captain. Plaintiff placed 61st on the list. Since the promulgation of the list in June 1968 "the first thirty-five or more" persons named therein, some of whom did not meet the residence requirements of N.J.S.A. 40:46-14 and 40:47-5 and Newark Municipal Ordinance 2:14-1 then in effect, have been promoted to fire captain.
Initially the City of Newark and the Director of the Newark Fire Department were named as defendants. The promotional list was preserved by order of the trial court pending determination of plaintiff's complaint. Plaintiff was granted leave to file an amended complaint adding the State Civil Service Commission as an additional party defendant, and thereafter the Professional Fire Officers Association, Local 1860, I.A.F.F., AFL-CIO, was permitted to intervene. Subsequently the then trial judge entered an order *422 making all fire captains of the city party defendants. Plaintiff's then amended complaint sought, among other things:
(a) a determination that all promotions of nonresident firemen from the list be declared void;
(b) injunctive relief requiring defendants to terminate employment of those firemen holding the position of captain or listed for promotion who were not in compliance with the residence requirements of N.J.S.A. 40:46-14 and 40:47-5 and Newark Municipal Ordinance 2:14-1, then in effect;
(c) to require the promotion of plaintiff and others similarly situated to the position of fire captain.
On February 15, 1972, while the litigation was pending, chapter 3 of the Laws of 1972 became effective, containing certain provisions (N.J.S.A. 40A:14-9.1, 40A:14-9.2 and 40A:14-9.7) which retroactively abolish municipal residency requirements for appointment, continued employment or promotion for municipal firemen. Thereupon, on the basis of the new legislation, counsel for certain of the defendants moved for a dismissal of the complaint. The trial judge at the time dismissed the complaint "as being moot by virtue of the enactment" of the cited 1972 statute, reserving to plaintiff the right to file a new complaint challenging the constitutionality of that legislation and to raise the issue of misrepresentation of residence, i.e., that certain firemen had procured their appointments by falsely representing their residences.
Plaintiff appealed from the judgment of the trial court. The Appellate Division reversed and remanded the proceeding, holding that the pending litigation provided a vehicle wherein the additional issues urged by plaintiff could be litigated. The fire captain's promotional list for the city was revived and extended pending determination of plaintiff's proposed further amended complaint, which plaintiff did thereafter file. Following the remand, the case was assigned to this court for hearing and disposition.
Plaintiff's latest amended complaint reasserts his initial position, challenges the constitutionality of chapter 3 of the *423 Laws of 1972, and asserts fraud on the part of certain of defendant firemen in certifying false addresses on their applications for employment and the promotional examination. The Attorney General contends that the amended complaint fails to state a claim upon which relief may be granted.
In opposing the pending motion to dismiss, plaintiff urges that chapter 3 of the Laws of 1972 violates Art. IV, § VII, pars. 7 and 8, and clauses (5), (8) and (13) of par. 9 of the New Jersey Constitution (1947) in that it constitutes "special" legislation: creating, increasing or decreasing the emoluments, term or tenure rights of public officers or employees; granting an exclusive privilege, immunity or franchise to individuals, and regulating the internal affairs of municipalities, since the statute applies only to firemen and policemen and not to other municipal employees. Plaintiff also contends that the statute violates other constitutional provisions, i.e., Art. VII, § I, par. 2 of the State Constitution (relating to appointments and promotions in the civil service), and Art. IV, § VII, par. 3 of the State Constitution and Art. I, § 10, cl. 1 of the Constitution of the United States (prohibiting legislation impairing the obligation of contracts). Beyond this, plaintiff suggests that the statute is not retroactive in its operation and that in any event it has no dispositive effect upon the issue of alleged fraud.
The pertinent provisions of legislation (N.J.S.A. 40:46-14, 40:47-5 and Newark City Ordinance 2:14-1) in effect at the time of promulgation of the promotional list in June 1968, relied upon by plaintiff, required firemen, as a condition of employment and continued employment, to be bona fide residents of the employing municipality. N.J.S.A. 40:46-14 and 40:47-5 were repealed by chapters 200 and 197, respectively, of the Laws of 1971 (N.J.S.A. 40A:9-22 and 40A:14-176), effective July 1, 1971. Residence requirement provisions were, however, enacted by L. 1971, c. 200, § 1, N.J.S.A. 40A:9-1, in the following form:
*424 Except in the case of counsel, attorney, engineer, health officer, auditor or comptroller, or as otherwise provided by law, every person holding an office, the authority and duties of which relate to a county only, or to a municipality only, shall reside within said county or municipality, as the case may be.
Any person holding or attempting to hold any such office in a county or municipality in violation hereof, may be ousted in a proceeding in lieu of prerogative writ.
L. 1972, c. 3, N.J.S.A. 40A:14-9.1 et seq., effective February 15, 1972, among other things renders inoperative statutory and local requirements of municipal residency for firemen.
N.J.S.A. 40A:14-9.1 provides:
No municipality shall pass any ordinance, resolution, rule, regulation, order or directive, making residency therein a condition of employment for the purpose of original appointment, continued employment, promotion, or for any other purpose for any member of a paid fire department and force or paid member of a part-paid fire department and force, and any such ordinance, resolution, rule, regulation, order or directive in existence on the effective date of this act or passed hereafter shall be void and have no force or effect.
N.J.S.A. 40A:14-9.2 provides:
In any municipality wherein Title 11 (Civil Service) of the Revised Statutes is operative, applicants for appointment to the paid fire department and force or as paid members of the part-paid fire department and force who are not residents of the municipality shall be eligible for appointment thereto notwithstanding the provision of any statute, law, ordinance, rule or regulation to the contrary.
N.J.S.A. 40A:14-9.3 and 40A:14-9.4 provide respectively for future preference in appointment and promotion to a paid or part-paid fire department and force, in municipalities wherein Title 11 (Civil Service) is operative, of a resident over a nonresident in any instance in which the resident and nonresident achieve the same final average score in the test for the position, provided such preference does not diminish, reduce or affect preferences granted to veterans *425 pursuant to N.J.S.A. 11:27-1 et seq. or any other provision of law.[1]
N.J.S.A. 40A:14-9.7 provides:
Any person serving as a member of a paid fire department and force or paid member of a part-paid fire department and force pursuant to the provisions of any act repealed by this act shall continue to serve in such position and need not comply with any residency requirement which may have been a condition of his continued employment thereunder.
N.J.S.A. 40A:14-9.8 provides:
Every member of a paid fire department and force and every paid member of a part-paid fire department and force shall be a resident of the State of New Jersey while serving in such position. Members appointed after the effective date of this act shall be residents of New Jersey at the time of their appointment and thereafter unless otherwise provided herein.
N.J.S.A. 40A:14-10.1, as amended, eliminates municipal residency requirements for any person discharged or released from the military service and who makes application to a municipality for appointment to a fire department and force, requiring such applicant to become a resident of New Jersey within six months from the date of appointment. And N.J.S.A. 40A:14-13, as amended, eliminates the municipal residency requirement for any person temporarily appointed to fill a vacancy in a fire department or force resulting from the granting of a leave of absence as provided by law, in municipalities where Title 11 (Civil Service) is in operation, requiring the person temporarily appointed to be a resident of New Jersey.
Additionally, the new legislation, as it pertains to firemen, repealed N.J.S.A. 40A:14-10, 40A:14-11 and 40A:14-11.1 *426 N.J.S.A. 40A:14-10 related to waiver of requirements for residency in certain cases. N.J.S.A. 40A:14-11 related to the appointment of a member of a fire department and force in municipalities not operating under Title 11 (Civil Service) and having a population of more than 5,000 and less than 30,000 where the member was not a resident of the municipality for at least six months preceding his appointment. N.J.S.A. 40A:14-11.1 related to the appointment of a member of a fire department or force of a municipality having a population of less than 5,000 where the member was not a resident of the municipality for the previous six months.
On the present motion to dismiss the latest amended complaint in this action, the allegations set forth therein must of course be accepted as true, Ridgefield Park v. Bergen Cty. Bd. of Taxation, 31 N.J. 420, 425 (1960), app. dism. 365 U.S. 648, 81 S.Ct. 834, 5 L.Ed.2d 857 (1961), and plaintiff is entitled to the benefit of every favorable inference of fact. Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957).
"There is a strong presumption that a statute is constitutional," Harvey v. Essex Cty. Bd. of Freeholders, 30 N.J. 381, 388 (1959); General Electric Co. v. Passaic, 28 N.J. 499, 510 (1958), app. dism. 359 U.S. 1006, 79 S.Ct. 1146, 3 L.Ed.2d 987 (1959); In re Loch Arbour, 25 N.J. 258, 264-265 (1957), and the court "should so construe it as to render it constitutional if it is reasonably susceptible to such a construction." In re Freygang, 46 N.J. Super. 14, 27 (App. Div. 1957), aff'd 25 N.J. 357 (1957). See also, Daly v. Daly, 21 N.J. 599, 604 (1956); Woodhouse v. Woodhouse, 17 N.J. 409, 416 (1955); 2A Sutherland, Statutory Construction (4th ed. Sands, 1973), § 56.04 at 408. "The courts will incline to a construction favoring the validity of a statute unless its invalidity plainly appears." Lynch v. Edgewater, 8 N.J. 279, 290-291 (1951).
At the outset it should be noted that the challenged provisions of chapter 3 of the Laws of 1972 (N.J.S.A. 40A:14-9.1 *427 to 40A:14-9.8, inclusive, and N.J.S.A. 40A:14-10.1 and 40A:14-13, as amended) terminating and prohibiting municipal residency requirements for firemen further the fundamental constitutional right to travel. See Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Krzewinski v. Kugler, 338 F. Supp. 492 (D.N.J. 1972).
As previously indicated, plaintiff contends that the statute (chapter 3 of the Laws of 1972) violates Art. IV, § VII, pars. 7 and 8 and clauses (5), (8) and (13) of par. 9 of the New Jersey Constitution (1947) in that it constitutes "special" legislation as it applies only to firemen and policemen and not to other municipal employees. In Harvey v. Essex Cty. Bd. of Freeholders, supra, the Supreme Court observed:
In deciding whether an act is general or special, it is what is excluded that is the determining factor and not what is included. Budd v. Hancock, 66 N.J.L. 133, 135-136 (Sup. Ct. 1901). If no one is excluded who should be encompassed, the law is general. Another requirement of a general law is that it must affect equally all of a group who, bearing in mind the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves. [30 N.J. at 389]
See also, 2 Sutherland, op. cit., § 40.02 at 140.
As pointed out by Judge Goldmann in his opinion for the Appellate Division in In re Freygang, 46 N.J. Super. 14 (App. Div. 1957), aff'd 25 N.J. 357 (1957),
The Legislature is necessarily accorded a broad discretion in the area of permissible classification. City of Passaic v. Consolidated Police, etc., Pension Fund Commission, above, 18 N.J. [137], at page 146; State v. Guida, 119 N.J.L. 464, 466 (E. & A. 1938). Within the range of this discretion the Legislature may enact a statute as a general law which operates "equally upon all of a group of objects which, having regard to the purposes of the Legislature, are distinguished by characteristics sufficiently marked and important to make them a class by themselves." City of Burlington v. Pennsylvania R. Co., above, 104 N.J.L. [649], at page 654; Gundaker Central Motors, Inc. v. Gassert, 23 N.J. 71, 80 (1956). The term "general law," as Chief Justice Beasley said in Van Riper v. Parsons, 40 *428 N.J.L. 1, 8 (Sup. Ct. 1878), does not import universality in the subjects or operation of such law. It has been said that a law is general if it embraces all and excludes none whose conditions and wants render such legislation equally appropriate to them as a class. Wanser v. Hoos, above, 60 N.J.L. [482], at page 525. [23]
See also, Roe v. Kervick, 42 N.J. 191, 233 (1964); State v. Garden State Racing Ass'n, 136 N.J.L. 173, 177 (E. & A. 1947).
In Roe Justice Francis, in his opinion for the Supreme Court, noted that
A law is "general" (1) if the class of subjects established, recognized or regulated is distinguished by characteristics sufficiently marked and important to make it a class by itself, and (2) if it encompasses all of the subjects which reasonably belong within the classification, and does not exclude any which naturally belong therein. A law is private, special or local if it arbitrarily or unnaturally excludes any subject which should be included. Harvey v. Essex County Board of Freeholders, 30 N.J. 381, 389 (1959). [42 N.J. at 233]
Here the challenged provisions of chapter 3 of the Laws of 1972 are in general terms. They are not restricted to any locality and operate equally upon all persons within the class (firemen) to which they relate. The challenged provisions are accordingly general and not special legislation. Van Riper v. Parsons, 40 N.J.L. 123, 125 (Sup. Ct. 1878). And see, Van Riper v. Parsons, 40 N.J.L. 1 (Sup. Ct. 1878). The statutory classification of policemen and firemen is not arbitrary or illusory. It is an entirely reasonable classification extending to all and excluding none who appropriately comprise the class. See Passaic v. Consolidated Police, etc., Pension Fund Comm'n, 18 N.J. 137 (1955); N.J. State Police Ass'n v. Mayor, etc., Irvington, 121 N.J. Super. 321 (App. Div. 1972); In re Freygang, supra, 46 N.J. Super. at 24-25.
The challenged statutory provisions being general legislation, plaintiff's contention that they violate Art. IV, § VII, par. 9, clauses (5), (8) and (13) of the State Constitution *429 is untenable, since the constitutional inhibitions set forth in these clauses are applicable only to "private, special or local laws," the same paragraph 9 expressly providing, in part, that "The Legislature shall pass general laws providing for the cases enumerated in this paragraph * * *." Lynch v. Edgewater, supra, 8 N.J. at 293; In re Freygang, supra, 46 N.J. Super. at 25.
Plaintiff places substantial stress upon the fact that the prior statutes (N.J.S.A. 40:46-14 and 40:47-5) in effect at the time of promulgation of the promotional list in June 1968, requiring firemen, as a condition of employment and continued employment, to be bona fide residents of the employing municipality, "have heretofore been consistently upheld by both the state and federal courts," citing Kennedy v. Newark, 29 N.J. 178 (1959), upholding the validity of an ordinance of the City of Newark requiring all municipal officers and employees to reside in the city as a condition for continued employment; Mercadante v. Paterson, 111 N.J. Super. 35 (Ch. Div. 1970), aff'd 58 N.J. 112 (1971), equating "residence" as used in N.J.S.A. 40:46-14 and 40:47-5 with domicile; and Krzewinski v. Kugler, 338 F. Supp. 492 (D.N.J. 1972), finding a compelling state interest justifying the residency requirement for policemen and firemen, the enforcement of which requirement "would be penalizing the right to travel to a substantial degree." It is, however, clearly within the power of the Legislature to change its enactments from time to time in order to effectuate a change in public policy. N.J. Const. (1947), Art. IV, § I, par. 1; N.J. Sports & Exposition Auth. v. McCrane, 61 N.J. 1, 8 (1972), app. dism., 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972). Thus, N.J.S.A. 40:46-14 and 40:47-5 were repealed by chapters 200 and 197, respectively, of the Laws of 1971 (N.J.S.A. 40A:9-22 and 40A:14-176). New residence requirements were enacted by N.J.S.A. 40A:9-1 (L. 1971, c. 200, § 1). And the following year statutory and local requirements of municipal residency for firemen *430 were rendered inoperative by the provisions of chapter 3 of the Laws of 1972 challenged in this litigation.
A new legislative policy in this field, binding upon local governments, has accordingly been established, N.J.S.A. 40A:14-9.1 to 40A:14-9.8, inclusive, and N.J.S.A. 40A:14-10.1 and 40A:14-13, as amended. "It is axiomatic that municipal bodies in this State have no powers other than those delegated by the Legislature, and must perform their prescribed activities within the statutory ambit." Scatuorchio v. Jersey City Incinerator Auth., 14 N.J. 72, 85 (1953). See also, Wagner v. Newark, 24 N.J. 467, 474 (1957); Bucino v. Malone, 12 N.J. 330, 345 (1953); Ringlieb v. Parsippany-Troy Hills Tp., 59 N.J. 348, 351-352 (1971); Skarbnik v. Spina, 125 N.J. Super. 87, 94 (Law Div. 1973). "Whether the State alone should act or should leave the initiative and the solution to local government, rests in legislative discretion." Inganamort v. Fort Lee, 62 N.J. 521, 528 (1973).
Municipal corporations are merely political subdivisions of the State and the legislative control over them is almost unlimited. * * * The Legislature may grant and withdraw municipal powers generally * * *. [Becker v. Adams, 37 N.J. 337, 340 (1962)]
Plaintiff further argues that the challenged statutory provisions contravene Art. VII, § I, par. 2 of the State Constitution of 1947 in that they provide for preference in appointment and promotion of a resident over a nonresident in any instance in which the resident and nonresident achieve the same final average in the test for the position. N.J.S.A. 40A:14-9.3 and 40A:14-9.4. As previously indicated, any such future tie-breaking preference may not diminish, reduce or affect preferences granted to veterans pursuant to law. Art. VII, § I, par. 2 of the State Constitution provides:
Appointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive; *431 except that preference in appointments by reason of active service in any branch of the military or naval forces of the United States in time of war may be provided by law.
The objective of this provision is the insulation of the appointment of persons to offices or positions in the classified service against considerations of politics, personal favoritism or partisanship in any form. Walsh v. Dept. of Civil Service, 32 N.J. Super. 39, 43 (App. Div. 1954); Falcey v. Civil Service Comm'n, 16 N.J. 117, 122 (1954). The challenged provisions of the new legislation which accord a preference to a resident over an equally qualified nonresident do not contravene the constitutional mandate of appointments and promotions according to merit and fitness. Nor does such a preference in any way offend the Civil Service objective of guarding against considerations of politics, personal favoritism or partisanship in appointments to positions in the classified service of the Civil Service. Where merit is equal, the tie-breaking preference provided for in the challenged legislation is not unreasonable.
Plaintiff further argues that the challenged statutory provisions contravene Art. IV, § VII, par. 3 of the State Constitution of 1947, and Art. I, § 10, cl. 1 of the Constitution of the United States in that they impair the obligation of an employment contract existing between plaintiff fireman and the City of Newark and the Civil Service Commission. In this regard plaintiff contends that such contract consisted in part of Civil Service regulations and state statutes requiring municipal residence, under which the fireman's competition, not only in initial employment but in promotion as well, was limited to other bona fide residents of the municipality, and that plaintiff accepted the residency requirement and in seeking promotion acted on that basis. The argument is without merit. It is well settled that "the terms and conditions of public service in office or employment rest in legislative policy rather than contractual obligation, and hence may be changed except of course insofar as the State Constitution specifically provides otherwise." *432 Spina v. Consolidated Police, etc., Pension Fund Comm'n, 41 N.J. 391, 400 (1964). See also, Turner v. Passaic Pension Comm'n, 112 N.J.L. 476, 480 (Sup. Ct. 1932); Phelps v. State Bd. of Education, 115 N.J.L. 310, 314 (Sup. Ct. 1935), aff'd o.b. 116 N.J.L. 412 (E. & A. 1936), aff'd 300 U.S. 319, 57 S.Ct. 483, 81 L.Ed. 674 (1937); Kenny v. Hudspeth, 59 N.J.L. 320, 322 (Sup. Ct. 1896), aff'd 59 N.J.L. 504 (E. & A. 1896); 3 Antieau, Municipal Corporation Law (1965), § 22.09 at 238.
Plaintiff additionally argues that the challenged statutory provisions which terminate municipal residency requirements for firemen are not retroactive in their operation. The clear language of the legislation says otherwise. Municipalities are not merely prohibited in the future from establishing municipal residency requirements for firemen as a condition of employment for the purpose of original appointment, continued employment, promotion, or for any other purpose, but any ordinance, resolution, rule, regulation, order or directive establishing such requirements, "in existence on the effective date" of L. 1972, c. 3, "or passed" thereafter, is rendered void and of no force and effect. N.J.S.A. 40A:14-9.1. To the extent that N.J.S.A. 40A:9-1 (L. 1971, c. 200, § 1, effective July 1, 1971) requires firemen to reside in the municipality in which they are employed as such, it is repugnant to the provision of N.J.S.A. 40A:14-9.2 (L. 1972, c. 3, § 2, effective February 15, 1972) which makes nonresident applicants eligible for appointment to the municipal fire department and force "notwithstanding the provision of any statute, law, ordinance, rule or regulation to the contrary"; and to the extent of such repugnancy N.J.S.A. 40A:14-9.2 operates to repeal N.J.S.A. 40A:9-1. State v. Vineland, 72 N.J. Eq. 289, 290, 291 (Ch. 1906), aff'd 72 N.J. Eq. 862 (E. & A. 1907); Asbury Park Press v. Asbury Park, 19 N.J. 183, 196-197 (1955). As stated in State v. Vineland, supra:
*433 The principle upon which subsequent legislation will operate to repeal prior legislation without an express repealing clause has been frequently considered by the courts of this state and is well defined. Where there are two acts on the same subject, the rule is to give effect to both, if possible. If the two acts are repugnant in any of their provisions, the later act operates to repeal the earlier to the extent of the repugnancy. Where two acts are not in express terms repugnant, if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the earlier act, it will operate as a repeal of that act. [72 N.J. Eq. at 290-291, emphasis added]
By another of the statutory provisions challenged in this litigation the Legislature clearly evidenced its intention to abolish the municipal residency requirement for firemen appointed prior to February 15, 1972, the effective date of chapter 3 of the Laws of 1972, who continue to serve in such position on and after February 15, 1972. Thus, under N.J.S.A. 40A:14-9.7 (L. 1972, c. 3, § 7) firemen serving pursuant to the provisions of any act repealed[2] by chapter 3 of the Laws of 1972 "shall continue to serve in such position and need not comply with any residency requirement which may have been a condition of his continued employment thereunder." Accordingly, where, as here, the Legislature explicitly manifests an intent to apply the statute retroactively, the court "must treat it in conformance with that intent." Howard Savings Institution v. Kielb, 38 N.J. 186, 193 (1962). See also, 82 C.J.S., Statutes, § 434 at 1008-1009.
Finally, plaintiff argues that even if the challenged statute is held to be constitutional and retroactive, such holding would not be dispositive of the issue of alleged fraud raised by plaintiff, i.e., that certain of defendant firemen certified false addresses on their applications for employment and the promotional examination. Plaintiff in his complaint *434 alleges, among other things, that "Numerous defendant firemen have been promoted from the said promotional list before the plaintiff by certifying that they resided at addresses within the City of Newark, thereby meeting the eligibility requirements in effect at that time and since; whereas they in fact resided elsewhere without the municipality"; and that because of such false certifications they must be removed from the employment list and from Civil Service employment and their promotions vacated.
N.J.S.A. 11:23-1, among other things, requires an applicant for a Civil Service examination to state his residence and postoffice address. Under N.J.S.A. 11:23-2 and N.J.A.C. 4:1-8.14, respectively, the Chief Examiner and Secretary of the Civil Service Commission may, among other things, refuse to certify an eligible person for appointment or remove from the employment list the name of an eligible person when the applicant has made a false statement of any material fact or has practiced or attempted to practice any deception or fraud in his Civil Service application, examination or in securing his eligibility or appointment. Under the new legislation, however, municipal residence is no longer material, except for those involved in a tie after February 15, 1972, the effective date of L. 1972, c. 3. To the extent that these statutory and Administrative Code provisions pertain to a municipal fire department and force and authorize or mandate[3] refusal of certification for appointment, or removal from the employment list, of an otherwise eligible person who is a nonresident of the municipality and whose true domicile is not set forth in the Civil Service application, they are (except in the case of a tie-breaking preference after February 15, 1972) repugnant to and must yield to the overriding latest legislative policy enunciated in chapter 3 of *435 the Laws of 1972, i.e., that lack of municipal residency shall not bar a fireman from original appointment to or continued employment or promotion in any municipal fire department and force, N.J.S.A. 40A:14-9.1, 40A:14-9.2 and 40A:14-9.7.
When a subsequent enactment covering a field of operation coterminous with a prior statute cannot by any reasonable construction be given effect while the prior law remains in operative existence because of irreconcilable conflict between the two acts, the latest legislative expression prevails, and the prior law yields to the extent of the conflict. [1A Sutherland, Statutory Construction (4th ed., Sands, 1972), § 2309 at 223-224]
Senate Bill 355 of 1972 (which became L. 1972, c. 1) was pending in the Legislature when Senate Bill 452 of 1972 (which became L. 1972, c. 3) was introduced on January 24, 1972. Senate 355 was approved February 7, 1972 and by its terms took effect immediately and applied "retroactively" to January 11, 1972, continuing "in effect until March 3, 1972."[4]
This statute provided that:
No proceeding, claim or suit shall be brought or action taken for disciplinary purposes or removal or suspension from office against a member of a municipal police or paid or part-paid fire department or force during the period beginning on January 11, 1972 and continuing through March 3, 1972, on the grounds of violation of or failure to comply with the municipal residency requirement of any statute, law, ordinance, rule or regulation. [L. 1972, c. 1, § 1]
The clear legislative intent of this measure was to prohibit disciplinary, removal or suspension proceedings against any municipal policeman or fireman during the period beginning January 11, 1972 and continuing through March 3, 1972, on grounds that the policeman or fireman violated or failed to comply with any municipal residency requirement then in force and effect  apparently to permit time for legislative *436 consideration and action on Senate 452 calling for the retroactive extinction of municipal residency requirements for municipal policemen and firemen.
With the enactment of chapter 3 of the Laws of 1972 effective February 15, 1972, municipal residency requirements for firemen came to an end. The provisions of then existing statutes, ordinances, rules or regulations requiring municipal residency for appointment, continued employment or promotion for firemen in a municipal fire department and force were accordingly superseded by the new legislation, putting an end to the authority or duty of the Chief Examiner and Secretary of the Civil Service Commission (except in the case of a tie-breaking preference thereafter) to refuse to certify an eligible fireman for appointment or to remove an eligible fireman from the employment list who is not a resident of the municipality and whose true domicile is not set forth on the Civil Service application. See Belvidere v. Warren R.R. Co., 34 N.J.L. 193 (Sup. Ct. 1870), Beasley, C.J., dism. on a procedural ground, 35 N.J.L. 584 (E. & A. 1871); State v. Passaic, 36 N.J.L. 382 (Sup. Ct. 1873); 82 C.J.S., Statutes, § 437 at 1011.
Plaintiff has no valid claim to any vested right either in the municipal residency requirement of N.J.S.A. 40A:9-1 or in the authority or duty of the Chief Examiner and Secretary of the Civil Service Commission under N.J.S.A. 11:23-2 and N.J.A.C. 4:1-8.14 to impose the sanctions just referred to against a nonresident fireman whose true domicile is not stated on the Civil Service application. Turner v. Passaic Pension Comm'n, supra, 112 N.J.L. at 480-481; Spina v. Consolidated Police, etc., Pension Fund Comm'n, supra, 41 N.J. at 400; 1A Sutherland, op. cit. § 23.34 at 283. Both the municipal residency requirement and the authority or duty to impose the sanctions (except in the case of a tie-breaking preference after February 15, 1972) have been extinguished by the challenged provisions of the new legislation. Except as to any such sanction which may have *437 been previously imposed and fully executed, they have been blotted out as completely as if they had never existed, ending all proceedings pending under them on the effective date of chapter 3 of the Laws of 1972. 82 C.J.S., Statutes, § 434 at 1008-1009; see also, Neel v. Ball, 6 N.J. 546, 551 (1951); Eureka Printing Co. v. Division of Employment Security, etc., 21 N.J. 383, 392-393 (1956); 2 Sutherland, op. cit., § 41.04 at 253.
The provisions of the new legislation challenged by plaintiff, N.J.S.A. 40A:14-9.1 to 40A:14-9.8, inclusive, and N.J.S.A. 40A:14-10.1 and 40A:14-13, as amended, are constitutional. The legislation is general and not special. It does not impinge upon the civil service provisions of the State Constitution or the provisions of the State or Federal Constitution prohibiting legislation impairing the obligation of contracts. Its provisions abolishing municipal residency requirements for firemen are retroactive, applying equally to all firemen without regard to the time of their appointment or promotion, and are dispositive of the issue of alleged fraud raised by the plaintiff.
The latest amended complaint in this action fails to state a claim upon which relief can be granted. An order dismissing it will be entered.
NOTES
[1] The statute provides similar preferences for firemen in municipalities wherein Title 11 is not operative but in which appointments and promotions are based upon merit as determined by suitable tests. N.J.S.A. 40A:14-9.5 and 40A:14-9.6, respectively.
[2] Whether expressly or impliedly, since the prior act "may be just as effectively repealed by implication as by express designation." 1A Sutherland, Statutory Construction (4th ed., Sands, 1972), § 23.07 at 219.
[3] See Vanderwart v. Dept. of Civil Service, 19 N.J. 341, 350 (1955), referring to R.S. 11:23-2 in its form prior to its amendments. See also, Bingham v. Dept. of Civil Service, 77 N.J. Super. 459, 465 (App. Div. 1962), aff'd 40 N.J. 330 (1963).
[4] L. 1972, c. 1, § 2.